Andres M. Hermosillo, #14896
**GORDON REES SCULLY MANSUKHANI, LLP**
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
Facsimile: (303) 534-5161
ahermosillo@grsm.com

ATTORNEYS FOR DEFENDANT
MESSNER REEVES LLP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KONALA, LLC, an Idaho limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>MESSNER REEVES, LLP, a Colorado limited liability partnership; and INBE CAPITAL, LLC, a Wyoming limited liability company,<br><br>    Defendants. | **REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Civil Number: 2:24-cv-00195-HCN-JCB<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Defendant Messner Reeves, LLP, through counsel, submits the following Reply in support of its Motion to Dismiss pursuant to C.R.C.P. 12(b)(6):

### I. LEGAL AUTHORITY

In the "Legal Standard" section of Plaintiff's Response, Plaintiff cites *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), for the proposition that "the accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [plaintiff's] claim which would entitle [plaintiff] to relief." (ECF

No. 26, 4). This is no longer the accepted rule. The Supreme Court in *Twombly* described *Conley's* "no set of facts" language as "an incomplete, negative gloss on an accepted pleading standard." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 563 (2007). Nothing in *Conley* or the cases that followed, read in context, "challenge the understanding that, before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct." *Id.* at 893 n.8. This Court should reject any suggestion that the language quoted by Plaintiff describes "the minimum standard of adequate pleading to govern a complaint's survival." *Id.* at 893.

## II. ARGUMENT

### A. Messner Reeves is not a party to the contract at issue in this case.

This case relates to an agreement for a Business Expansion Line of Credit ("BELOC" or "Agreement"). The parties to the Agreement are Plaintiff Konala, LLC and Defendant INBE Capital, LLC. (ECF No. 16-1, 3). Pursuant to the BELOC, Plaintiff made an Interest Credit Account Payment of $325,000 to INBE (the "ICA Payment"). (*Id.*).

> Section 3.6. Reserves. Following the signing of this Agreement, the Borrower shall remit three hundred twenty-five thousand dollars                    $325,000
> as the ICA Payment, in accordance with the terms and time period set forth in Exhibit I. Upon the funding of the first Advance under the Tranche Schedule, the ICA shall remain part of the Interest Reserve Account and subject to the provisions of this Agreement, and become non-refundable to the Borrower unless otherwise specifically provided for in this Agreement. All credits to the Interest Reserve Account shall be used, absent the occurrence of an Event of Default, for purposes of payment on interest payable on the Advances as and when such interest payments are due and payable. The ICA Payment or account need not be segregated by Lender, may be comingled with other Lender funds, and may be utilized by Lender.

(*Id.* at 8, § 3.6).

In the event INBE failed to provide advances on the BELOC as provided in the Agreement, Plaintiff had the option to terminate the Agreement and request a refund of the ICA Payment. (*Id.* at 25, § 13.7(a)). INBE failed to provide advances and Plaintiff delivered written notice to INBE

of its intent to terminate the agreement (*id.* at 62). INBE was, then, obligated to return the ICA Payment to Plaintiff (*id.* at 25, § 13.7(a)). INBE failed to do so. (ECF No. 15, ¶ 50). INBE has not responded to the lawsuit and the Court Clerk entered a Certificate of Default against INBE on July 12, 2024. (ECF No. 29, 1). Plaintiff's remedy under the Agreement is against INBE.

Messner Reeves is not a party to the BELOC. The only reference to Messner Reeves in the Agreement is in an exhibit containing wiring instructions. (ECF 16-1, at 57). The wiring instructions include a guarantee *by INBE* to reimburse the ICA Funds to Plaintiff in the event that INBE is unable to arrange for the issuance of funding. (*Id.*). Plaintiff and INBE both signed acknowledging that the instructions were acceptable; Messner Reeves did not. (*Id.* at 57–58). Plaintiff's claims are based on the allegedly unauthorized commingling of funds. (Id. at 4, 7, 9, 11, 13). But as set forth above, Section 3.6 of the Agreement expressly authorized INBE to utilize Plaintiff's ICA Payment and to commingle the payment with other funds. (ECF No. 16-1, 8). "The ICA Payment or account need not be segregated by Lender, may be commingled with other Lender funds, and may be utilized by Lender." (ECF No.16-1 at 8). There is no legal basis to hold Messner Reeves liable for INBE's commingling or utilization of the ICA Payment.

**B.  No conflict of law exists in this case.**

Plaintiff argues that the Court should apply Wyoming law pursuant to a choice-of-law provision in the Agreement. (ECF No. 26, 5). Messner Reeves was not a party to the Agreement and did not consent to the choice-of-law provision. Plaintiff does not allege or argue that Messner Reeves agreed to be bound by the choice-of-law provision, and it cites no case law holding that a choice-of-law provision should be enforced against a party who never agreed to be bound by it. Messner Reeves's position is that Utah law should apply because its attorneys are domiciled in Utah and performed services there that allegedly led to the claims in this case. (*Id.*, ¶¶ 2(b), 7). *See Mandel v. Hafermann*, 503 F.Supp.3d 946, 960 (applying Utah choice-of-law rules to determine

that the state with the most significant relationship to the claims was the place where the attorney was domiciled and conducted business).

In any event, the Court need not determine at this stage whether to apply Utah or Wyoming law, because Plaintiff has not identified any conflict between the laws. *See Johnson v. Blendtec, Inc.*, 500 F.Supp.3d 1271, 1279 (D. Utah 2020) ("In Utah, the courts first determine whether a conflict of law exists," such that "the outcome would differ depending on which state's law is applied or if the forum state does not recognize the cause of action asserted in the complaint."). As Plaintiff notes in its Response, Wyoming and Utah agree that non-parties to a contract generally cannot be sued for a breach of that contract, except in limited circumstances where an agent is acting beyond the scope of its powers. (ECF No. 26, 7) (citing *Peterson v. Meritain Health, Inc.*, 2022 WY 54, ¶22, 508 P.3d 696, 705 (Wyo. 2022); *Stratton v. W. States Const.,* 21 Utah 2d 60, 62, 440 P.2d 117, 118 (1968)).

There is no allegation in Plaintiff's complaint that Messner Reeves was acting beyond the scope of its authority. Plaintiff raises that allegation for the first time in its Response, arguing that Messner Reeves acted beyond the scope of its authority by inappropriately transferring or commingling the ICA Payment. That argument is contrary to the plain language of the contract. Again, the BELOC expressly provides, "The ICA Payment or account need not be segregated by Lender, may be comingled with other Lender funds, and may be utilized by Lender." (ECF No. 16.1, 8, § 3.6). Since the BELOC Agreement expressly contemplates the circumstances here, there is no merit to Plaintiff's argument that Messner Reeves exceeded its authority. Under either Wyoming or Utah law, the claims against Messner Reeves should be dismissed.

### C. The Utah Financial Institutions Act does not apply to this case

Plaintiff cites section 7-22-101(1)(a) of the Utah Code in support of its the claim that Messner Reeves was acting as an escrow agent. (ECF No. 26, 9). That Code provision is part of

the Financial Institutions Act, whose purpose is to supervise and regulate "business entities furnishing depository, lending, and associated financial services in this state." U.C.A. § 7-1-102(1). The Financial Institutions Act, by its very terms, does not apply in this situation. Moreover, the code provisions governing escrow agents do not apply to persons "exempted from the definition of trust business in Subsection 7-5-1(1)." § 7-22-101(2)(b). Among the exemptions from the definition of trust business is "money held in a client trust account by an attorney authorized to practice law in this state." § 7-5-1(1)(c)(i). The Financial Institutions Act does not provide a basis to hold Messner Reeves liable in this situation.

### D. Plaintiff fails to distinguish the *BMF* case.

In *BMF Advance, LLC v. Litiscape, LLC*, 637 F.Supp.3d 1272 (D. Utah, 2022), the Court granted a law firm's motion to dismiss based on lack of duty based on strikingly similar facts. *BMF* is directly on point.

The court in *BMF* found that the defendant law firm did not have a "special relationship" with the plaintiff. *Id.* at 1282. There, the plaintiff argued that the law firm was acting as a bailee, *id.*; here, Plaintiff argues that Messner Reeves was acting as an escrow agent. Unlike a bailee or an escrow agent, an attorney owes a duty of undivided loyalty to the client. *Shaw Res., Ltd. v. Pruitt, Gushee & Bachtell, P.C.*, 2006 UT App. 313, ¶ 28, 142 P.3d 560, 567. This is why the court in *BMF* held that the defendant law firm owed no duty to the non-client. 637 F.Supp.3d at 1282. The court noted that the plaintiff never contracted with the law firm as required to create a bailor-bailee relationship, *id.*, just as the plaintiff here never contracted with Messner Reeves as required to create an escrow relationship. There is no indicia of an escrow relationship here. The BELOC Agreement allows INBE to commingle the funds, it allows INBE to utilize the funds, and it includes a guarantee by INBE to pay the funds back.

Plaintiff next argues "the actions and conduct of the law firm in *BMF* are fundamentally different from the affirmative actions and conduct of Messner," (ECF No. 26, 9), but Plaintiff fails to articulate any fundamental difference. The actions alleged in Plaintiff's complaint are indistinguishable from those alleged in *BMF*. In *BMF*, the Court noted plaintiff's allegation that the law firm "caused the funds to be deposited" with the defendant law firm, and the absence of any allegation that the law firm "requested the funds or undertook any action to enable that deposit." 637 F.Supp.3d at 1282. Plaintiff here alleges that it "directed its ICA Payment to be wired to Messner" (ECF No. 15, ¶ 25); it does not allege that Messner Reeves requested funds or undertook any action to enable the deposit. The plaintiff in *BMF* alleged the law firm transferred funds to another individual, 637 F.Supp.3d at 1277; Plaintiff here alleges "Messner transferred the ICA payment to another, unknown party." (ECF No. 15, ¶ 37). The plaintiff in BMF did not allege that the law firm "took affirmative actions before releasing the funds," 637 F.Supp.3d at 1281–82; Plaintiff here similarly does not allege that Messner Reeves took any affirmative actions before releasing the funds.

The *BMF* case is directly on point. As in *BMF*, the claims against the law firm should be dismissed.

### E. Plaintiff's unjust enrichment claim fails.

Plaintiff again notes that there is no conflict of laws between Wyoming and Utah when it comes to claims of unjust enrichment. (ECF No. 26, 12). In either state, to state a claim for unjust enrichment, the plaintiff must allege that the defendant retained some benefit conferred upon it by the plaintiff. *Jacoby v. Jacoby*, 2004 WY 140, ¶ 10, 100 P.3d 852, 855; *BMF*, 637 F.Supp.3d at 1289.

Plaintiff attempts to salvage its unjust enrichment claim by arguing its allegation that the funds were transferred to another party and improperly commingled with other funds could lead the court to conclude that Messner Reeves retained some portion of the funds. (ECF No. 26, 13). Plaintiff does not attempt to explain how the court could reasonably make such a leap. Accepting Plaintiff's allegations as true, if Messner Reeves transferred the funds and those funds were then commingled with other funds, Messner Reeves would not have the benefit of those funds.

Plaintiff next argues (while faulting Messner Reeves for not controverting the factual allegations in the complaint, as Messner Reeves cannot do under Rule 12(b)(6)) that even if Messner Reeves did not retain the ICA Payment, the question is whether Messner Reeves "has accepted or retained the *benefit* of the ICA Payment." (ECF No. 26, 13) (emphasis in original). It is not clear what benefit Plaintiff is suggesting that Messner Reeves retained here, if not the funds themselves. The *BMF* court rejected a similar argument, noting, "it is alleged solely in BMF's opposition and is not supported by factual averments in its complaint." 637 F.Supp.3d at 1289. Plaintiff does not point to any allegation in the complaint that describes the benefit that Messner Reeves purportedly retained. Its unjust enrichment claim should, therefore, be dismissed.

## III.   CONCLUSION

The parties to the BELOC Agreement are Plaintiff and INBE. The Agreement provides recourse for Plaintiff in the event INBE fails to pay advances on the BELOC. Messner Reeves was not a party to the Agreement. Messner Reeves owed no duty to Plaintiff, it did not act as an escrow agent, and it did not retain any benefit conferred by Plaintiff. For these reasons, the Court should grant the motion and dismiss the claims against Messner Reeves.

Dated this 19th day of July 2024,

**GORDON & REES LLP**

 */s/ Andres M. Hermosillo*
Andres M. Hermosillo, #14896
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202|
Phone (303) 534-5160
Fax: (303) 534-5161
ahermosillo@grsm.com

ATTORNEYS FOR DEFENDANT
MESSNER REEVES LLP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 19th day of July 2024.

| | |
|---|---|
| Julie E. Kenworthy, Esq.<br>36 South State Street, Suite 1900<br>Salt Lake City, UT 84111<br>jkenworthy@kmclaw.com | Alyson Foster, Esq.<br>Jennifer Dempsey, Esq.<br>Dempsey Foster PLLC<br>714 West State Street<br>Boise, Idaho 83702<br>alyson@dempseyfoster.com<br>jen@dempseyfoster.com |

 */s/  Linda J. Bustos*