Julie E. Kenworthy (9536)
Qiwei Chen (18333)
**KIRTON MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
jkenworthy@kmclaw.com
qchen@kmclaw.com

Jennifer Schrack Dempsey (ID Bar No. 7603)
(Admitted pro hac vice)
**DEMPSEY FOSTER PLLC**
714 W. State Street
Boise, ID 83702
Telephone: (208) 401-9533
jen@dempseyfoster.com

*Attorneys for Plaintiff Konala, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KONALA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MESSNER REEVES LLP, a Colorado limited liability partnership; and INBE CAPITAL LLC, a Wyoming limited liability company,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT**<br><br>Case No.: 2:24-cv-00195-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Rules 7 and 15 of the Federal Rules of Civil Procedure and DUCivRs 7-1 and 15-1, Plaintiff Konala, LLC ("Konala" or "Plaintiff), through its counsel of record, submits this Motion for Leave to File Its Second Amended Complaint, which clarifies the claims against Defendant Messner Reeves LLP ("Messner"). Pursuant to DUCivR 15-1(a), Plaintiff's proposed

Second Amended Compliant and a redlined version of changes between the First Amended Complaint and the Proposed Second Amended Complaint are attached hereto as Exhibits A and B, respectively.

**PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS THEREFORE**

In this Motion, Plaintiff asks the Court to grant its motion for leave to amend to clarify Messner's affirmative role in the underlying transaction—which was not merely as a passive law firm, but as a designated party with fiduciary and contractual duties arising from the Business Expansion Line of Credit Agreement (the "BELOC Agreement"). The amendments respond directly to arguments raised in Messner's Motion to Dismiss and are necessary to ensure that the pleadings accurately reflect the factual and legal basis for Konala's claims.

This case arises from Messner's and its co-defendant INBE Capital LLC's ("INBE") failure to refund significant monies to Konala (the "ICA Payment") after the BELOC Agreement fell through. In its Motion to Dismiss, Messner argues – citing *BMF Advance, LLC v. Litscape, LLC*, 637 F.Supp.3d 1272, 1286 (D. Utah 2022) – that it owed no duties to Konala because it merely served as a law firm that passively received and transferred the ICA Payment. (Dkt. 16.) The Second Amended Complaint ("SAC"), however, alleges facts demonstrating that Messner was not merely acting in a ministerial capacity as a law firm. Specifically, Exhibit F to the BELOC Agreement, attached to the SAC as Exhibit A, identified Messner as an active participant in the structure and implementation of the BELOC. (SAC, Ex. A (Exhibit F).)

Exhibit F clearly articulates that Messner acted in multiple non-legal capacities central to the transaction including as:

1. **INBE's nominated Trustee**, owing fiduciary duties to Konala as the trust's beneficiary;

2. **An escrow holder**, responsible for administering the Escrow Account in accordance with the contractual obligations with INBE, as stated in the BELOC Agreement; and/or

3. **INBE's agent**, who, upon receipt of the ICA Payment, acted outside the scope of that agency when it refused to return the ICA Payment to Konala despite being required to do so.

*Id.*

These allegations make clear that Messner assumed an affirmative role in the transaction, and that its liability arises from those non-legal capacities—not merely from its status as legal counsel. Exhibit F's express terms establish Messner's involvement in one or more fiduciary or agency capacities. Accordingly, because the proposed amendments directly address arguments in the motion to dismiss, are supported by the documents already referenced in the pleadings, and clarify the basis for Messner's independent liability, Konala respectfully requests the Court grant its motion for leave to file the Second Amended Complaint.

## PROCEDURAL BACKGROUND

1. Konala filed its original complaint on March 15, 2024. (Dkt. 1.)

2. On March 18, 2024, the Court issued its Order to Propose Schedule. (Dkt. 7.) Per that Order, Plaintiff is required to propose a schedule within 14 days after the first answer to the complaint is filed. To date, no defendant has filed an answer.

3. On May 10, 2024, pursuant to the Court's Order regarding Citizenship (Dkt 14), Konala filed its First Amended Complaint. (Dkt. 15.)

4. On May 24, 2024, Defendant Messner filed its Motion to Dismiss. (Dkt. 16.)

5. On May 1, 2025, the Court heard oral argument on Messner's Motion to Dismiss and subsequently took the matter under advisement. (Dkt. 53.)

6. As to Defendant INBE, default was entered against it on July 12, 2024. (Dkt. 29.)

7. Konala filed a Motion for Default Judgment against INBE on November 20, 2024. (Dkt. 33.)

8. Messner filed an opposition to Konala's Motion for Default Judgment on December 11, 2024. (Dkt. 40.)

9. Konala filed its reply in support of the Motion for Default Judgment on December 26, 2024. (Dkt. 43.)

10. Because neither Defendant has filed an answer, Plaintiff has not yet provided a draft Attorney Planning Meeting Report, the parties have not conducted the conference required under Federal Rule Civil Procedure 26(f) ("Rule 26(f) conference"), and no Stipulated Motion for Scheduling Order or Stipulated Proposed Scheduling Order has been filed. (Dkt. 7.)

11. Because the Rule 26(f) conference has not yet occurred, the parties have not exchange initial disclosures, and discovery has not commenced. *Id.*, Fed.R.Civ.Proc 26(d).

12. Other than the amendment in response to the Court's order regarding diversity of citizenship, Konala has not previously amended or sought to amend its complaint.

**STATEMENT OF RELEVANT FACTS**

Exhibit F to the BELOC Agreement, entitled "Wire & Joint Instructions," sets forth the terms of Konala's payment of its ICA Payment under the BELOC Agreement. It not only identifies Konala as the Borrower and INBE as the Lender, but it also references Messner, who assumed one or more of three key roles in the receipt, management, handling, distribution, and, if necessary, return of the ICA Payment to Konala in connection with the BELOC Agreement. (SAC, Ex. A (Exhibit F).)

Specifically, Exhibit F identifies Messner as follows: "Messner Reeves, LLP – COLTAF Paymaster" ("Messner's Paymaster Account") and designates that account as the "Escrow

Account." *Id.* Exhibit F also identifies a "nominated administrative agent for aggregation" and a "nominated Trustee (Attorney) for the purpose of arranging for issuance of a Loan (Line of Credit)." *Id.*

As to the nominated Trustee, Exhibit F states:

- "The Trustee will be nominated and confirmed via electronic communication during final underwriting";
- The Trustee is selected "based on a suitably negotiated escrow holding term per funding cycle";
- All funds that are deposited as an "ICA Advance Fee" by Konala "shall be in Trustee's sole possession and control"; and,
- The Trustee shall "return the ICA Advance Fee per his contractual obligations with [INBE]."

*Id.*

Based on Exhibit F and the surrounding factual context, Konala has alleged, on information and belief, that:

- Messner was not acting as legal counsel, but instead as a trustee, escrow holder, and/or agent. (SAC, ¶9, Ex. A (Exhibit F))
- Messner used its Paymaster account for these transactions instead of a traditional Interest on Lawyer's Trust Account (IOLTA) (*Id.*)
- Pursuant to the BELOC Agreement and Exhibit F, Konala agreed to deposit the ICA Payment to INBE or one of its "nominated administrative agents" for transfer and possession "by a nominated Trustee (Attorney) for the purpose of arranging the issuance of a Loan (Line of Credit)." (*Id.,* ¶18)
- Exhibit F directed Konala to pay the ICA Payment through wire transfer to Messner's Paymaster Account (*Id.*)
- Messner was acting in one or more of three roles related to this transaction:
    - Messner was the "nominated Trustee (Attorney)" appointed by INBE "for the purpose of arranging for the issuance of a Loan (Line of Credit)" (*Id.*, ¶19(a))

  - Alternatively, or in addition to, Messner agreed to, consented to, approved, and ratified an escrow agreement with INBE, and undertook the duties and responsibilities of an escrow holder for the Escrow Account (*Id.,* ¶19(b) )

  - Alternatively, or in addition to, Messner was acting as an agent of INBE (*Id.*, ¶19(c))

- In any one or all of these capacities, Messner was

  - required to hold the ICA Payment in its "sole possession and control" and not collateralize the ICA Payment "in any manner" (*Id.*,¶20); and,

  - was obligated to return the ICA Payment "per [Messner's] contractual obligations with" INBE. (*Id.*)

- By accepting INBE's nomination as Trustee pursuant to Exhibit F of the BELOC, and/or by accepting the ICA Payment into its Paymaster Account, Messner assumed the role of a fiduciary with duties and responsibilities to Konala as a third-party beneficiary of the contract between INBE and Messner. (*Id.*,¶21)

- As Trustee and/or escrow holder, Messner had fiduciary duties to hold and disburse the ICA Payment for the benefit of Konala pursuant to its contractual arrangements with INBE. (*Id.*,¶22)

- The terms of the contract(s) between INBE and Messner demonstrate an intention by INBE and Messner to "arrange for the issuance of a Loan (Line of Credit)" (Exhibit F) for the benefit of Konala, and to hold the ICA payment in a manner such that the ICA Payment would be returned to Konala in the event that the BELOC did not fund. (*Id.*,¶23)

- Alternatively, Messner was an agent of INBE whose scope of authority was to hold the ICA Payment pursuant to the BELOC Agreement and return the ICA Payment in the event the BELOC did not fund. (*Id.*,¶24)

- Pursuant to an electronic communication received from INBE during the underwriting process, Konala directed the ICA Payment to be wired to Messner, receipt of which was confirmed by INBE two days later. (*Id.,* ¶28)

In light of Exhibit F and Messner's central role in receipt and management of the ICA Payment, Konala has alleged the following claims against Messner:

- Count Two: Breach of Contract as Trustee, Escrow Holder and/or Agent;

- Count Three: Negligence as Trustee, Escrow Holder, and/or Agent;

- Count Four: Breach of Fiduciary Duty as Escrow Holder;
- Count Five: Breach of Fiduciary Duty as Trustee; (*Id.*, ¶¶67-128) and, as alleged in its earlier complaint,
- County Six: Unjust Enrichment against all Defendants;
- Count Seven: Rescission against all Defendants; and
- Count Eight: Violation of Utah's Consumer Protection Act against Defendants.

(*Id.*, ¶¶129-160.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." This rule embodies a strong federal policy favoring liberal amendment of pleadings. As the Tenth Circuit has explained, "[i]n dismissing a complaint for failure to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'" *Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) The Tenth Circuit emphasized that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.*

While courts may deny leave where there is undue delay, bad faith, repeated failures to cure deficiencies, unfair prejudice to the opposing party, or futility of the amendment, these considerations are weighed against the overarching policy that "leave sought should, as the rules require, be 'freely given.'" *Id. See, also, Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 219CV00963HCNDAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (futility arguments raised in 15(a) motion may "place[] the cart before the horse" where duplicative arguments exist in a motion to dismiss).

## ARGUMENT

**A. Konala's Second Amended Complaint More Precisely Pleads Facts and Legal Claims Against Messner.**

Because both INBE and Messner have refused to respond to any pre-lawsuit inquiries from Konala, the only agreement (and information) that Konala has at this stage of the case is the BELOC Agreement and, as it pertains specifically to Messner, Exhibit F. (SAC, Ex. A (Exhibit F)). Although arguments regarding futility are more appropriately addressed in a dispositive motion, and courts caution against forcing dispositive issues into Rule 15 briefing, Konala briefly addresses any argument that the facts and legal claims asserted in its Second Amended Complaint are futile. *See Complete Merch. Sols., LLC* No. 219CV00963HCNDAO, 2020 WL 4192294, at *3.

a. <u>Konala Is a Third-Party Beneficiary to Contracts Between Messner and INBE and May Proceed with Count Two for Breach of Contract and Count Seven for Rescission.</u>

As noted above, Exhibit F references contracts between INBE and Messner, with Messner acting as Trustee and/or escrow holder. Konala does not yet have copies of these contracts, but Exhibit F explicitly confirms their existence and describes their relevance to the possession, management, disbursement and return of the ICA Payment for Konala's benefit. Thus, Konala has sufficiently alleged, at the pleading stage, a claim for relief based on its status as a third-party beneficiary of those contracts. *See, e.g., Ron Case Roofing & Asphalt Paving, Inc. v. Blomquist*, 773 P.2d 1382, 1386 (Utah 1989) ("[f]or a third party to have enforceable rights under a contract, the third party must be an 'intended beneficiary' of the contract, and the intention of the parties must be determined from the terms of the contract as well as the surrounding facts and circumstances.")

b. Alternatively, if Messner Acted Outside Its Scope of Authority as Agent, It Can Be Held Liable to Konala for Breach of Contract and Rescission.

A breach of contract claim can be maintained against an agent who acts without authority, exceeds its authority, or otherwise personally obligates itself under the contract. *See, Peterson v. Meritain Health, Inc.*, 2022 WY 54, ¶22, 508 P.3d 696, 709-10 (Wyo. 2022); *Stratton v. W. States Const.*, 21 Utah 2d 60, 62, 440 P.2d 117, 118 (1968). At paragraphs 37-39 and 72 of the Second Amended Complaint, Konala has alleged that Messner has not returned Konala's ICA Payment or otherwise responded to Konala's inquiries, and that by failing to do so, Messner acted without authority, in excess of its authority from, or in bad faith of, INBE. (SAC, ¶¶37-39, 72.)

c. Whether Acting as Trustee, Escrow Holder, and/or Agent, Messner May Be Liable for Negligence, Breach of Fiduciary Duty, and Violation of the Utah Consumer Sales Practices Act ("UCSPA").

Whether acting as trustee, escrow holder, and/or agent, upon acceptance of Konala's ICA Payment to its Paymaster account, Messner undertook certain duties to Konala to properly and appropriately hold, possess, distribute, or return Konala's ICA Payment to Konala. (SAC, Ex. A, ¶¶19-24, 39, 83, 97-102, 116-121). Messner breached those duties when it acted outside the scope of its agreement and relationship with INBE and failed to act with the care and skill that a person of ordinary prudence would in holding, possessing, distributing or returning Konala's ICA Payment. (*Id.,* ¶¶37-39, 83-84, 103-105, 122) Messner further breached its duties to Konala when it failed to hold, possess, distribute, or return Konala's ICA Payment when the BELOC Agreement did not fund and Konala properly provided notice of termination under the BELOC Agreement. (*Id.*)

Under Utah law, Messner's liability may be established under any of the roles alleged—trustee, escrow holder, or agent—as follows:

- In Utah, a trustee has not only duties of ordinary care but also fiduciary duties of care to its beneficiaries. *See, e.g., Wheeler By & Through Wheeler v. Mann*, 763 P.2d 758, 759–60 (Utah 1988) (trustee has a duty of loyalty to beneficiaries of a trust which requires trustee to administer the trust "solely in the interest of the beneficiary."). *See, also,* Utah Code§§75-7-801, 75-7-817.
- Escrow occurs when "any agreement ... provides for … parties to deliver or entrust any money ... to another person to be held, paid, or delivered in accordance with terms and conditions prescribed in the agreement." Utah Code §7–22–101(1)(a).[1] An escrow holder must preserve and protect escrowed assets and comply with the escrow agreement and fiduciary duties. Utah Code §7–22–108(2). *See, also, Freegard v. First Western National. Bank*, 738 P.2d 614, 615 (Utah 1987)(escrow holder assumes role of agent to both parties to the transaction and is held to a high standard of care in dealing with its principals).
- An agent may be liable for tortious conduct when: (1) the conduct was an affirmative act; (2) a special relationship exists with the plaintiff; (3) harm was foreseeable; (4) the agent was best situated to avoid the harm; and (5) policy considerations support liability against the agent. *BMF,* 637 F.Supp.3d at 1279.

Because Konala has alleged facts supporting each of these theories of liability, it has adequately stated claims for negligence, breach of fiduciary duty, and violation of the UCSPA against Messner.

**B. No Other Factors Weigh Against Granting Leave to File Konala's Second Amended Complaint.**

[1] While Konala acknowledges that an attorney's client trust may not be governed by Chapter 22 of Title 7 of the Utah Code (*see,* Utah Code Ann. §§7-22-101(2)(b) and 7-5-1(1)(c)(i)), the terms of the BELOC Agreement establish that Messner's receipt of funds in its Paymaster Account was as an Escrow Account, and not a lawyer trust account. (SAC, Ex. A (Exhibit F))

In this case, there has been no undue delay, bad faith, repeated failures to cure deficiencies, or unfair prejudice to Messner. Although this case has been pending for some time, the procedural posture between Konala and Messner remains in its early stages. Accordingly, no factor weighs against granting Konala leave to file its Second Amended Complaint.

## CONCLUSION

Given the clarified legal theories, specific factual allegations, and the strong federal policy favoring resolution on the merits, Konala respectfully requests the Court grant it leave to file its Second Amended Complaint.

DATED this 2nd day of June, 2025

**KIRTON MCCONKIE**

*/s/ Julie E. Kenworthy*
Julie E. Kenworthy (9536)
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 328-3600
jkenworthy@kmclaw.com

**DEMPSEY FOSTER PLLC**

*/s/ Jennifer Schrack Dempsey*
Jennifer Schrack Dempsey, ISB No. 7603
Admitted pro hac vice
714 W. State Street
Boise, ID 83702
Telephone: (208) 401-9533
jen@dempseyfoster.com

*Attorneys for Plaintiff Konala, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of June 2025, I served the foregoing on the following parties in the manner indicated below:

CM/ECF Registered Participant:

Andres M. Hermosillo
**GORDON REES SCULLY MANSUKHANI, LLP**
555 Seventeenth Street, Ste. 3400
Denver, CO 80202
ahermosillo@grsm.com

Non-CM/ECF Registered Participant Via first class mail, postage prepaid, and email to:

**INBE Capital LLC**
30 N. Gould Street
Sheridan, WY 82801
craig@theinbegroup.com

**INBE Capital LLC**
Attn: Buffalo Registered Agents LLC
412 N. Main St. Ste 100
Buffalo, WY 82834

*/s/ Teena Sanders*