Andres M. Hermosillo, #14896
John M. Palmeri, *pro hac vice*
**GORDON REES SCULLY MANSUKHANI, LLP**
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
Facsimile: (303) 534-5161
ahermosillo@grsm.com
jpalmeri@grsm.com

ATTORNEYS FOR DEFENDANT
MESSNER REEVES LLP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KONALA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MESSNER REEVES LLP, a Colorado limited liability partnership; and INBE CAPITAL LLC, a Wyoming limited liability company,<br><br>Defendants. | **MESSNER REEVES LLP'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT**<br><br>Civil No. 2:24-cv-00195-HCN<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Defendant Messner Reeves LLP, through counsel, submits the following Response to Plaintiff's Motion for Leave to File its Second Amended Complaint (ECF No. 54):

## I. INTRODUCTION

Plaintiff filed its initial Complaint and Jury Demand on March 15, 2024. (ECF No. 2). It amended the complaint on May 10, 2024. (ECF No. 15). Messner Reeves timely moved to dismiss the First Amended Complaint on May 24, 2024. (ECF No. 16). Plaintiff filed a Response on July

5, 2024. (ECF No. 26). Messner Reeves filed its Reply on July 19, 2024. (ECF No. 30). The Court held a hearing on the motion on May 1, 2025. (*See* ECF No. 53). Thirty-two days later, Plaintiff filed a motion for leave to amend the complaint a second time. (ECF No. 54). Plaintiff offers no explanation for the delay in seeking leave to amend over one year after Messner Reeves filed its motion to dismiss. That unexplained delay alone is sufficient grounds to deny Plaintiff's motion.

The proposed amendment would also be futile. Because Messner Reeves owed no duty to Plaintiff as a matter of law under the theories put forth in the Second Amended Complaint, the complaint could not withstand a motion to dismiss. Accordingly, the Court should deny Plaintiff's motion.

## II. LEGAL AUTHORITY

A plaintiff may amend its complaint once as a matter of course within twenty-one days of serving the complaint. Fed. R. Civ. P. 15(a). Otherwise, a plaintiff must seek leave of the court. *Id.* While Rule 15 provides that leave to amend should be freely given, refusing leave is justified in cases where there is undue delay or futility. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Id.* (internal citations omitted). When "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint," a court appropriately denies leave to amend. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distrib., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)). Additionally, "Tenth Circuit precedent makes clear that futility of the proposed amendment is an independent basis to deny leave to amend."

*Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020).

## III. ARGUMENT

### A. Plaintiff Offers No Explanation for Its Delay.

Plaintiff seeks to amend its complaint more than one year after it filed its initial complaint, and more than a year after Messner Reeves filed its Motion to Dismiss. The Court held a hearing on the Motions to Dismiss over thirty days ago. Plaintiff argues that its proposed amendments "directly address" arguments in the motion to dismiss, but it does not explain why it could not address those arguments in its Response in July 2024 or at the oral argument in May 2025.

The Tenth Circuit recognizes, "a district court has discretion to deny a motion to amend as untimely when the movant's delay is unexplained." *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1020–21 (10th Cir. 2011). In *Birmingham*, the plaintiff attempted to amend his complaint to add a defendant nine months after he learned of the defendant's involvement. *Id.* at 1020. He tried to excuse his delay by arguing that he was awaiting resolution of dispositive motions. *Id.* at 1021. The appellate court upheld the trial court's denial of the motion to amend, holding that even if the plaintiff "might have learned something from the court's rulings on the dispositive motions that would have enabled him to 'improve' an amended complaint," he failed to explain why that would justify delaying the amendment. *Id.*

The First Circuit similarly held that a district court did not abuse its discretion by denying leave to amend where "the plaintiff allowed nearly a year to elapse before seeking to amend his complaint and proffered no good reason for the delay." *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 391 (1st Cir. 2013). It held that the trial court reasonably concluded "that the plaintiff was

scrambling to devise new theories of liability based on the same facts pled in his original complaint." *Id.* (cleaned up).

Plaintiff here allowed over a year to elapse before seeking leave to amend its complaint. It not only fails to provide an explanation for the delay, but it fails to acknowledge any delay. (*See* ECF No. 54, 11) ("In this case, there has been no undue delay [ ]."). Plaintiff is "scrambling to devise new theories of liability" based on the same facts alleged in the initial complaint and the amended complaint. The failure to explain its delay is grounds enough to deny Plaintiff's motion.

**B. Plaintiff's Motion to Amend is Futile.**

Plaintiff relies on an unpublished decision from the U.S. District Court from the District of Utah for the proposition that, "where futility arguments are duplicative of arguments raised in a motion to dismiss," addressing those arguments in a motion to amend "place[s] the cart before the horse." *Complete Merch. Sols., LLC*, 2020 WL 4192294, at *3. In this case, however, the proposed amendments were already addressed in the briefing on the motion the dismiss. Plaintiff purports to "clarify" its claims against Messner Reeves by labeling the law firm as a "Trustee, Escrow Holder, and/or Agent." As noted above, this is a transparent attempt to devise a new theory of liability based on the same facts.

Plaintiff previously alleged, "By accepting the ICA Payment, Messner became an escrow holder." (ECF No. 15, ¶ 19). Messner Reeves addressed this allegation in its Motion to Dismiss. (ECF No. 16, 8). Plaintiff argued in its Response to Messner Reeves, LLP's Motion to Dismiss that the law firm "acted (at least) as an escrow agent with affirmative duties to keep Konala's funds ($325,000) in its 'sole possession and control'[ ]." (ECF No. 26, 2). Messner Reeves addressed Plaintiffs' arguments in its Reply. (ECF No. 30, 4–5). The allegations in the Second Amended Complaint are still indistinguishable from those in *BMF Advance, LLC v. Litiscape, LLC*, 637

F.Supp.3d 1272 (D. Utah, 2022). There, as here, the plaintiff attempted to manufacture a duty to impose liability on a law firm who did not have a relationship with the plaintiff, including by asserting a claim for a constructive trust. *Id.* at 1276. The Court rejected all such attempts and granted the law firm's motion to dismiss. *Id.* at 1289.

Plaintiff's proposed Second Amended Complaint fails to plausibly allege that Messner Reeves owed Plaintiff a duty under contract or common law. It simply adds new labels and conclusions to the same underlying facts. There is no reason to allow the amendment for another round of briefing leading to the same inevitable outcome: the dismissal of Plaintiff's complaint for failure to state a claim on which relief may be granted.

Because Plaintiff offers no explanation for its delay in moving to amend its complaint, and because the amendment would be futile, Messner Reeves requests that the motion be denied.

Dated this 16th day of June 2025,

**GORDON & REES LLP**

*/s/ John M. Palmeri*
John M. Palmeri, *pro hac vice*
Andres M. Hermosillo, #14896
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202|
Phone (303) 534-5160
Fax: (303) 534-5161
jpalmeri@grsm.com
ahermosillo@grsm.com

ATTORNEYS FOR DEFENDANT
MESSNER REEVES LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 16th day of June 2025.

Jennifer Dempsey, Esq.
Dempsey Foster PLLC
714 West State Street
Boise, Idaho 83702
jen@dempseyfoster.com

Julie E. Kenworthy, Esq.
Qiwei Chen, Esq.
Kirton McConkie
36 South State Street, Ste. 1900
Salt Lake City, Utah 84111
jkenworthy@kmclaw.com
qchen@kmclaw.com

*/s/ Linda J. Bustos*